IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 13, 2005

## BOBBY LEE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. 4-407      William B. Acree, Jr., Judge**

_____

**No. W2005-00188-CCA-R3-PC  - Filed October 5, 2005**

_____

The Appellant, Bobby Lee, appeals the Obion County Circuit Court's denial of his petition for post-conviction relief.  Lee was convicted of attempted first degree murder and received a sixty-year Department of Correction sentence as a career offender.  On appeal, Lee contends that trial counsel's failure to call favorable witnesses denied him his Sixth Amendment right to the effective assistance of counsel.  After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Joseph P. Atnip, District Public Defender, Dresden, Tennessee, for the Appellant, Bobby Lee.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and James T. Cannon, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

Following an evidentiary hearing, the post-conviction court entered the following findings of fact:

The petitioner, Bobby Lee, was indicted in the Criminal Court of Obion County . . . , Tennessee in October of 2001, for the crime of criminal conspiracy to commit first degree murder, criminal attempt to commit first degree murder and aggravated assault.  The indictment resulted from the shooting of one Terry Scates, which occurred on September 19, 2001.  According to the evidence presented at the trial, the petitioner shot Mr. Scates several times with a sawed off 12 gauge shotgun. Miraculously, Scates lived.

The case was tried on September 29, 2003, and the jury found the petitioner guilty of attempt to commit first degree murder and aggravated assault[, which were later merged]. The petitioner was sentenced as a career offender to 60 years in the Tennessee Department of Correction[ ].

. . . .

The case was appealed to the Court of Criminal Appeals upon the sole issue that the jury venire was unconstitutionally empaneled due to a lack of adequate representation of African Americans. The appeal was denied. [*State v. Bobby Lee*, No. W2003-02948-CCA-R3-CD (Tenn. Crim. App. at Jackson, Aug. 11, 2004)].

On November 2, 2004, the Appellant filed a *pro se* petition for post-conviction relief alleging numerous grounds for relief, including ineffective assistance of counsel. As requested, counsel was appointed, and a hearing was held on January 5, 2005, at which trial counsel and the Appellant were called as the only witnesses. The Appellant testified that during pretrial discussions with trial counsel, he asked counsel to subpoena two or three witnesses who would testify favorably for him. He stated that one witness would have testified that the victim was looking for the Appellant with a ball bat and another witness would have testified that the victim had a butcher knife prior to the shooting. However, trial counsel testified that the Appellant never provided the names of any witnesses to be called at trial. Counsel stated that his investigation revealed that the Appellant and the victim had a confrontation and that the Appellant, while displaying a shotgun, proclaimed in the presence of six witnesses that he intended to "get" the victim. All six witnesses saw the Appellant leave in pursuit of the victim. Trial counsel acknowledged that he was limited in presenting a viable defense based on the Appellant's nineteen prior felony convictions. After hearing the proof presented, the post-conviction court determined that all grounds, except ineffective assistance of counsel, had been waived or previously determined. The court further found that the ineffective assistance claim was without merit and dismissed the petition by written order on January 10, 2005. This appeal followed.

**Analysis**

On appeal, the Appellant has raised the single issue of ineffective assistance of counsel. To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependent upon a showing that the

decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id.* at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id.*

The Appellant's only assertion on appeal is that counsel was ineffective for failing to call two or more witnesses who he contends would have assisted in his defense. In denying relief, the post-conviction court concluded:

> The petitioner testified that there was a witness who would have testified that the victim had a baseball bat and that there was another witness who would have testified that the victim had a butcher knife. He said he told his attorney about these witnesses. This testimony was refuted by [trial counsel]. The Court finds that the testimony of [trial counsel] is credible and the testimony of the petitioner is not. The Court also notes that these alleged witnesses were not present at the post-conviction hearing to testify.

We find nothing in the record to preponderate against the post-conviction court's findings. Questions concerning the credibility of witnesses, the weight and value given to their testimony, and the factual issues raised by the evidence are to be resolved by the trier of fact. *Henley*, 960 S.W.2d at 579. We will not reweigh or reevaluate the evidence or substitute our inferences for those drawn by the post-conviction court. *Id.* at 579-80.

Moreover, the Appellant's argument must also fail because he failed to present any proof at the post-conviction hearing, other than his own bare assertions, as to what the alleged witnesses would have testified to had they been called at trial. When a petitioner claims that trial counsel failed to interview or present a witness in support of his defense, the Appellant should present that witness at the evidentiary hearing. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The Appellant acknowledges his failure to present witnesses but asserts that his failure should be excused because he offered testimony regarding the substance of what the witnesses' testimony

would have been.  That argument is misplaced.  We cannot rely upon the Appellant's own self-serving statements.  Because the Appellant failed to produce the witnesses, it would be speculative to conclude that their testimony would have affected the outcome of the trial.  Thus, the Appellant's allegation of ineffective assistance of counsel falls short of clear and convincing evidence.  This issue is without merit.

## CONCLUSION

Based upon the foregoing, the denial of the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE